UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STARSHA M. SEWELL, M.ED, PRO SE )
    Plaintiff                   )
     V.                      ) Civil Action No.:
                          )
Mark Pritchard, Regional Transportation )
 Agency Of Central Maryland          )
8510 Corridor Road, Suite 110        )
Savage, Maryland 20763             )
&                                   )
John P. Davey,                    )
14735 Main Street               )
Upper Marlboro, MD 20772        )
    Defendants

*Jury Demanded*

*17-1439 PJM*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

The Plaintiff was hired by Regional Transportation Agency of Central Maryland (RTA) also identified by the Department of Labor and Licensing of Maryland as Transit Management of Central Maryland, for the position of Bus Operator on about January of 2017. I was ranked number one in my class, and accomplished the written and driving training. I was selected to compete for a promotion "Customer Service Supervisor" immediately after training and prior to the completion of my 90 days.

All Counts and claims in this action are being brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. for employment discrimination on the basis of **Sex**,

Race, **Disparate Treatment of Starsha Sewell for Engaging In Protected Activity As A Black Woman; who was disciplined by the General Manager for engaging in protected activity, when Suzanne Brown and Cindy Gibson (White Female), were not disciplined for gossiping and spreading rumors in violation of company policy; ongoing Retaliation** for engaging in informal protected activity; Failure to Promote; Retaliation for engaging in formal and informal protected activity

Count 1:

Retaliation For Engaging in Protected Activity with EEOC in Charge Number 570-2015-01627, where Judge John P. Davey, was named as a Respondent; and where his adverse and unlawful discriminatory race and gender discrimination has impacted my reputation and promotional opportunities with several employers as the State of

Maryland Child Support Enforcement continues to file wage garnishments with my employers utilizing and order that he wrote with criminal intent, in violation State Maryland Family and Civil Rights law, specifically Title VII of the Civil Rights Act of 1964- Racial discrimination and Retaliation; on behalf of WMATA in his official capacity as a former Board of Director, who used his State Judgeship position to advance the interest of WMATA, who conducted a discriminatory background check with intent to terminate me for engaging in protected activity with Union local 689. After I passed the background check WMATA used Judge Davey, as a point of contact to create a criminal record to justify their employment discrimination. However, he did so in violation of several Federal

Judge's Orders that divested his jurisdiction in the action. Hence, his actions serve as direct evidence of employment discrimination on the basis of race, gender, color, and retaliation.

On Or About February 13, 2017, I received notification in the mail from the Maryland State Child Support Enforcement office; showing that they had forwarded slanderous paper work to my new employer RTA-Central Maryland; seeking to extort my wages in as an act of retaliatory discrimination. I emailed Personnel Staff Suzanne Brown, at the Regional Transportation Agency of Central Maryland, Director of Finance (Race Unknown) ; and Cindy Gibson, Regional Transportation Agency of Central Maryland Personnel Records/Payroll Manager (White Female); confidential concerns regarding my finances and the State's unlawful attempt to attached my wages in violation of the Federal Order in compliance with Section 2.4 Reporting Procedure (p.20 of Transit Management of Central Md, Inc. Employee Handbook); and one or both violated Section 2.3 Policy Against Retaliation; in addition to these violations both violated First Transits policy on Gossip as they apparently their actions caused me to be subjected to "Unpaid Leave, Employment Suspension, and Loss of a Promotional Opportunity Interview, which was scheduled for Thursday, February 16, 2017 at 10:45 am. However, I was suspended effective Tuesday, February 14, 2017 to February 17, 2017, simply because I alarmed the company about the Federal Law violations that they would be subjected to "IF" the violated the Federal Order, by enforcing the unlawful state order.

I filed my complaint, in compliance with Section 7.5 Open Door Policy of RTA' Employment Handbook, states [sic] "Every TMCM employee has the right: "To fair treatment, to a thoughtful answer to job-related questions; To a prompt review of job-related suggestions at the proper management level; To a decision on job-related complaints based upon a full, accurate, and timely determination of the facts; to express concern without fear of retaliation; to "speak up" when troubled by something observed in the workplace. "The Open Door Policy shall apply to every employee not covered by a collective bargaining agreement. While, my position will become a collective bargaining position after 90 days; it currently is not. Hence, the Open Door Policy is applicable for at least 60 more days.

On Or About Tuesday, February 14, 2017 either Cindy Gibson or Suzanne Brown forwarded my Section 2.4 Reporting Procedure compliant email regarding the potential unlawful wage garnishment to Human Resources Payroll and Finance Manger's as required by policy; and was verbally threatened by Mark Pritchard, White Male

All Counts and claims in this action are being brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. for employment discrimination on the basis of **Sex,**

Race, **Disparate Treatment of Starsha Sewell for Engaging In Protected Activity As A Black Woman; who was disciplined by the General Manager for engaging in protected activity, when Suzanne Brown and Cindy Gibson (White Female), were not disciplined for gossiping and spreading rumors in violation of company policy; ongoing Retaliation** for engaging in informal protected activity; Failure to Promote; Retaliation for engaging in formal and informal protected activity

Count 1:

Retaliation For Engaging in Protected Activity with EEOC in Charge Number 570-2015-01627, where Judge John P. Davey, was named as a Respondent; and where his adverse and unlawful discriminatory race and gender discrimination has impacted my reputation and promotional opportunities with several employers as the State of Maryland Child Support Enforcement continues to file wage garnishments with my employers utilizing and order that he wrote with criminal intent, in violation State Maryland Family and Civil Rights law, specifically Title VII of the Civil Rights Act of 1964- Racial discrimination and Retaliation; on behalf of WMATA in his official capacity as a former Board of Director, who used his State Judgeship position to advance the interest of WMATA, who conducted a discriminatory background check with intent to terminate me for engaging in protected activity with Union local 689. After I passed the background check WMATA used Judge Davey, as a point of contact to create a

criminal record to justify their employment discrimination. However, he did so in violation of several Federal Judge's Orders that divested his jurisdiction in the action. Hence, his actions serve as direct evidence of employment discrimination on the basis of race, gender, color, and retaliation.

On Or About February 13, 2017, I received notification in the mail from the Maryland State Child Support Enforcement office; showing that they had forwarded slanderous paper work to my new employer RTA-Central Maryland; seeking to extort my wages in as an act of retaliatory discrimination. I emailed Personnel Staff Suzanne Brown, at the Regional Transportation Agency of Central Maryland, Director of Finance (Race Unknown) ; and Cindy Gibson, Regional Transportation Agency of Central Maryland Personnel Records/Payroll Manager (White Female); confidential concerns regarding my finances and the State's unlawful attempt to attached my wages in violation of the Federal Order in compliance with Section 2.4 Reporting Procedure (p.20 of Transit Management of Central Md, Inc. Employee Handbook); and one or both violated Section 2.3 Policy Against Retaliation; in addition to these violations both violated First Transits policy on Gossip as they apparently their actions caused me to be subjected to "Unpaid Leave, Employment Suspension, and Loss of a Promotional Opportunity Interview, which was scheduled for Thursday, February 16, 2017 at 10:45 am. However, I was suspended effective Tuesday, February 14, 2017 to February 17, 2017, simply because I alarmed the company about the Federal Law violations that they would be subjected to "IF" the violated the Federal Order, by enforcing the unlawful state order.

I filed my complaint, in compliance with Section 7.5 Open Door Policy of RTA' Employment Handbook, states [sic] "Every TMCM employee has the right: "To fair treatment, to a thoughtful answer to job-related questions; To a prompt review of job-related suggestions at the proper management level; To a decision on job-related complaints based upon a full, accurate, and timely determination of the facts; to express concern without fear of retaliation; to "speak up" when troubled by something observed in the workplace. "The Open Door Policy shall apply to every employee not covered by a collective bargaining agreement. While, my position will become a collective bargaining position after 90 days; it currently is not. Hence, the Open Door Policy is applicable for at least 60 more days.

On Or About Tuesday, February 14, 2017 either Cindy Gibson or Suzanne Brown forwarded my Section 2.4 Reporting Procedure compliant email regarding the potential unlawful wage garnishment to Human Resources Payroll and Finance Manger's as required by policy; and was verbally threatened by Mark Pritchard, White Male and General Manager; who engaged in discriminatory retaliation on the basis of my race and gender; after I successfully passing my background investigation and after I was invited to interview for a Promotion. He had me removed me from the bus, in broad daylight causing emotional distress and embarrassment to me in front of customers and my co-workers, because I stated that I would file suit if RTA enforced Judge Daveys unlawful order that violates Federal Judge J.F.Motz order, and the United States Court of Appeals For the Fourth Circuit affirm of their order.

My suit will be lawfully necessary to recover stolen funds from my paycheck. Furthermore, my email expressly stated: "I am writing to inform you" and was simply alarming Transit Management not to violate the Federal Order. Mark Pritchard, white male was "aggressive" and "disrespectful" and blatantly stated "**I am going to be frank with you, your Job Is On The Line**".

Pursuant to the Open door policy, I asked a job related question as he suspended my employment for engaging in protected activity: I asked him should I perceive your threat, As "retaliation or race discrimination" as I simply asked the company to abide by the law; rather than to create more damages than what's already been done; every since the PG County Department of Child Support Enforcement sought to enforce an illegal order. In violation of the section 7.5 Open Door policy

Eliana Evans demanded that I leave the premises; it is my good faith belief that her actions were discriminatory because I engaged in protected activity in compliance with the Reporting Procedure within my employee handbook.

My email was clear as I asked to join the action against WMATA, due to the actions of Judge Davey ( former board or director); because it was his order that RTA sought to enforce against my wages. RTA did not discriminate against me on the basis of my background, because I passed their background investigation. Hence, Mark Pritchard's suspension of my employment for filing a complaint, violated the Open Door Policy which requires complaint to be based on full, accurate, and timey determination of the facts without fear of reprisal. Mr. Pritchard implemented the reprisal, without consideration to facts and this is the basis of this complaint of race, gender, retaliation complaint on the basis of color, race (African-American),Disparate treatment of a similarly situated as class member of the suit filed against WMATA, et.al.; Retaliatory conspiracy with WMATA's, and Former Board of Director John P. Davey garnish my wages, in violation of the Honorable J.F. Motz, Niemeyer, Thacker, and Wilkinson's order No.14-1231 dated July 15, 2014, but was made effective since September 13, 2012 and November 2016.

Mark Pritchard, et.al., engaged in willful violations of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e, *et seq.*, The Defendants retaliated against the Plaintiff orders that were issued by the Honorable Robert Zarnoch, and J.F. Motz, and conspired with an executive order violating task force entitled "Maryland Mortgage Task Force" an organized crime entity that countered the efforts of President's Bush, and Obama, and played an instrumental role in the recommending the termination of The Honorable James Comey, former FBI Director, because he served as the Chair of President Bush's Financial Crimes Enforcement Network; and Subsequently served as the FBI Director of President Obama who was authorized to faithfully execute the law against Mortgage fraud pursuant to Executive order 13519, which terminated Executive order 13271 administered by President Bush, which also did not give Rod Rosenstein legal authority to create a task force that has been utilized to counter all Attorney General's in his official capacity as United States Attorney General Maryland. In that position, he abused his authority: targeted and framed black and white's for the organized crimes of co-conspirators in and willful State Judge Participants such as John Paul Davey, who engaged in Racketeering pursuant to 18 USC 1961 against President's Bush, Obama, and Trump's administrations; as he made recommendations that onset the termination of James Comey, who since 2014 was launching a Federal Probe of A Ponzi Scheme and Judicial Hate Crime scandal that was orchestrated by Rod Rosenstein, and the Maryland Mortgage Task Force. (See **Exhibit 4**)

In support thereof would show unto the court the following matters of facts:

1. This is an action for damages based on unlawful employment practices committed by Defendant Strayer University. Inc., and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706 (f), (42 U.S.C.§ 2000e-5(f)).

2. Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), for damages to compensate her for the economic loss and other damages caused by Defendant's unlawful employment practices committed against Plaintiff because of the Plaintiff race, color, and gender

3. On February 15, 2017, Defendant's responded to Plaintiff's Charge of discrimination with an written letter of termination dated Febuary 17, 2017. See (**Exhibit 4 &5**)

## JURISDICTION

1. Plaintiff, an African American female and United States Citizen dually filed a charge of discrimination against the defendant with the with the Equal Employment Opportunity Commission ("EEOC") complaining about employment discrimination against the plaintiff on the basis of race, color, and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C.§ 2000e, *et seq.*, retaliation. A notice of Right to Sue was received by the plaintiff, and this complaint was filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, plaintiff has complied fully with all prerequisites in this court under Title VII of the Civil Rights Act of 1964 §706 (b), (42 U.S.C. §2000e-5(b)).

2. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e and 42 U.S.C §1981. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)

the Notice of Right to Sue. As such, plaintiff has complied fully with all prerequisites in this court under Title VII of the Civil Rights Act of 1964 §706 (b), (42 U.S.C. §2000e-5(b)).

2. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e and 42 U.S.C §1981. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)

3. Punitive damages are sought pursuant to 42 U.S.C. §2000e. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g))

My initial demand is provided below, and I am willing to come down if the defense shows a good-faith interest in negotiation/settlement; and any other relief that this court deems equitable.

### The Claims Against John Davey

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th **Cir.** 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

The Plaintiff' properly redress claims of Retaliation against John Davey's violation of Title VII of the Civil Rights Act, et. seq.; as he utilized the prestige of his position to advance the interest of WMATA, First Transit, et.al and to engage in 18 USC 242 Civil Rights Deprivations of Sewell and her children for challenging the illegal actions of the Maryland Mortgage Task force, Alice Gregory, CPS, and Dorie Arbach, Supervisor of CPS and Child Support Enforcement, a Department of Human Resources organization that is also a member of the Maryland Mortgage Task Force, and his concealment of their collective fraud and civil rights deprivations serves as direct evidence of retaliation, civil rights deprivations under 18 USC 242 and Racketeering under 18 USC 242. All claims are filed on good faith; as Attorney John Freedman filed a complaint against WMATA and First Transit for illegal background checks, discrimination, and retaliation just as the Plaintiff did in the Matter 8:16-cv-024-GJH, JFM-13-2961, and 8:13-cv-02961; a matter of which Judge Motz denied my motion for recusal, but yet two additional Judges violated his order in this venue, but for to engage in 18 USC Civil Rights Deprivations, as they were informed that Complaints of Civil Rights Deprivations were filed with the FBI, and Judge Chuang, specifically conveyed his lack of concern and willfully engaged in fraud on the court. (See **Exhibits 6**)

**Exhibit 7** provides direct evidence that the issue of retaliation and unlawful employment discrimination is occurring at WMATA. Hence, the data in all actions suggests that Judge Hazel and Judge Chuang are clearly biased towards the Plaintiff and Senior Judge J.F.Motz, who sought to remain on the WMATA case. However, Judge Chuang and Hazel obstructed Justice in violation of 18 USC 1961 and are disqualified under 28 USC 455. These Judges are utilizing the prestige of their positions to advance the interest of corrupt State Judges Such as John Davey who all concealed fraud using the illegal work group called the Maryland Mortgage Task

Force with the sole intent to make political statements to President's Bush, Obama, and Trump with their blatant violations of Executive Orders issued to enforce against financial crimes that are being onset by judicial officers who are allowing corporation to engage in money laundering using the courts. See the Plaintiff's complaint filed with the FBI. **(Exhibit 8). Exhibit 9 provides direct evidence of my Civil Rights Deprivation Complaint to James Comey, and Rod Rosenstein's attack on James Comey. Exhibit 10- provides direct evidence of Rod Rosenstein's Obstruction of Justice and abuse of Authority, upon recommending the termination of the FBI Director with the sole intent to protect himself from prosecution for engaging in FBI 18 USC 242 Civil Rights Deprivations of the Plaintiff in this action who is also a US Treasury Whistleblower.**

### Lack of Jurisdiction Arguendo Filed Against Davey

The Supreme Court has held that judicial immunity "is overcome in only two sets of circumstances. First, a Judge is not immune from liability for non-judicial actions, i.e., actions not taken in the Judge's judicial capacity. **Second, a judge is not immune for actions for actions though judicial in nature, taken in complete absence of all jurisdiction."** Id. At 11-12 (citations omitted).

"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)

When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost. Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

In Rankin v. Howard, 633 F.2d 844 (1980)the Ninth Circuit Court of Appeals reversed an Arizona District Court dismissal based upon absolute judicial immunity, finding that both necessary immunity prongs were absent; later, in Ashelman v. Pope, 793 F.2d 1072 (1986), the Ninth Circuit, en banc , criticized the "judicial nature" analysis it had published in Rankin as unnecessarily restrictive. But Rankin's ultimate result was not changed, because Judge Howard had been independently divested of absolute judicial immunity by his complete lack of jurisdiction.

Some Defendants urge that any act "of a judicial nature" entitles the Judge to absolute judicial immunity. But in a jurisdictional vacuum, (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing. Stump v. Sparkman, id., 435 U.S. 349.

Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction. Gregory v. Thompson, 500 F2d 59 (C.A. Ariz. 1974)

There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 F.2d 133

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. State use of Little v. U.S. Fidelity & Guaranty Co., 217 Miss. 576, 64 So. 2d 697.

"... the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument." Marbury v. Madison, 1 Cranch 137 (1803).

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." Ableman v. Booth, 21 Howard 506 (1859).

Judge Davey Blatantly violated The Federal Remand of the United States District Court of Maryland-Baltimore, and the United States Court of Appeals for the Fourth Circuit; the record was transmitted to the Prince Georges County Circuit Court, due to a grave error and oversight of the Court of Special Appeals who had a change in Head Clerks due to the retirement of Leslie Gradet; the transmission of the record did not divest jurisdiction from the Court of Special Appeals; it is simply a formality in the absence of a Federal Remand of cases removed from the State of Maryland as Civil Rights Actions.

The Respondent did not receive an order from any court; in fact he willfully violated creditable orders from the Highest Court that regulate the State of Maryland, the Fourth Circuit, simply to advance the interest of an illegal work group called the "Maryland Mortgage Task Force", that was created by Rod Rosenstein in his official capacity as the US Attorney General in the State of Maryland in violation of two Presidential Executive Orders 13271 of President Bush, and Executive Order 13519 of President Obama, which is currently enforceable under President Trump. In fact the Administrative Agency does not allude to an order; it alludes to a case number, and the case number is affiliated with a case that was remanded to the Court of Special Appeals-Maryland and left there by the US Fourth Circuit Court of Appeals.

On Or About October 3, 2012, the Court of Special Appeals engaged in a grave clerical error, upon transmitting the record Of CAD06-26267 to the Prince George's County Circuit Court. The Grave Error of the Court of Special Appeals, Did Not Situate Jurisdiction to The PG County Circuit Court As The United States District Court Transferred Jurisdiction of their Case to the Court of Special Appeals to Be Heard, and it was not from September 2012 through April 11, 2017, because of grave error.

Total Redress Sought On All Claims: $5,000,000 US dollars

### Proving Retaliation

In order to establish a prima facie case of retaliation under this statute, a plaintiff must show

(1) that he engaged in protected activity; **(In store Engaged in Informal and Formal Activity with EEOC and Financial Department at RTA)**.

(2) an adverse employment action; and (Denied Promotional Opportunity and Terminated as an act of race & Gender based retaliation for engaging in the **Protected Activity with EEOC- I was terminated two days after engaging in protected activity with EEOC, because I engaged in Protected activity and asked my former employer to comply with the Honorable J.F.Motz order)**

(3) a causal connection between the activity and the adverse action. (there is a close proximity in time of which the Claimant engaged in protected activity and was denied those opportunities as a qualified internal and external employee, because of my race and because I participated in protected activity via EEOC

and With the Finance Department and the timeline for protected activity and the adverse action is approximately a five day total chain reaction of events. It is my good faith belief, that Mark Pritchard discriminated against me because of my race and gender, and to advance the interest of John Davey who slandered my name, displaced my kids via a judicial kidnapping, but for to be malicious and to engage in hate crimes because I challenged mortgage fraud in the state of Maryland. It is my good faith belief that my promotional opportunity was obstructed because of my race and gender; and as an act of retaliation because I challenged an unlawful wage garnishment that was onset by the illegal order issued in a court that lacked jurisdiction to issue the order, because Judge Motz remanded my action to the Court of Special Appeals; rather than the Prince George's County Circuit Court. The Plaintiff conveyed this to John Davey. However, he willfully engaged in civil rights deprivations of Sewell and her son's but for to be malicious.

Thompson v.. Potomac Elec. Power Co., 312 F.3d 645, 650 (4th Cir.2002); Anderson v. G.D.C., Inc., 281 F.3d 452, 458 (4th Cir.2002). The Fourth Circuit has expansively interpreted what constitutes protected activity under the statute's participation clause, indicating that "the provision is meant to sweep broadly." Glover v. South Carolina Law Enforcement Div., 170 F.3d 411, 414 (4th Cir.1999) (citing Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir.1997)). To qualify as an "adverse employment action," the employer must have engaged in activity adversely affecting the "terms, conditions, or benefits of employment." Von Gunten v. Maryland, 243 F.3d 858, 866 (4th Cir.2001)

For Example -- Recent Decision

Title VII prohibits an employer from retaliating against an employee for opposing or complaining about an unlawful employment practice. 42 U.S.C. § 2000e-3 (a). To prove a prima facie case, a plaintiff must show she was engaged in a protected action, the employer took adverse employment action against her, and there was a causal connection between the protected action and the adverse employment action. Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1228 (4th Cir. 1998).

It is shameful that Rod Rosenstein, recommended the termination of James Comey, in the name of "Tradition". Civil Rights Deprivations are an illegal tradition named "Slavery"; all traditions are not legal; neither is Racketeering or the blatant violation of Presidential Executive Order's exuded in the collective fact patterns established in every organization linked to his unlawful Task Force.

### AFFIDAVIT OF STARSHA SEWELL

I Starsha Sewell, hereby swear and affirm under the penalties of perjury, and upon personal knowledge, that the facts and the matters on this basis a 18 USC 242 Civil Rights Complaint of Civil Rights deprivation was properly filed with the United States Fourth Circuit, who took no action see (1:16-cv-03256 and No.16-2294), but will be appealed, and the appropriate Federal Authorities. See **(Exhibits 8, 9, and 10)**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Courts for Service on the Defendant's:

Respectfully Submitted,

Starsha M. Sewell, M.Ed
P.O. Box 7073
Capitol Height, MD 20791
240-532-0080
StarshaSewell@gmail.com