IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **STARSHA M. SEWELL, M.ED.**, | * | | |
| | * | | |
| Plaintiff, | * | | |
| | * | | |
| v. | * | Civil No. | **PJM 17-1439** |
| | * | | |
| **MARK PRITCHARD,** | * | | |
| | * | | |
| Defendant. | * | | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Starsha Sewell has sued Mark Pritchard of the Regional Transportation Agency of Central Maryland ("RTA") and Judge John P. Davey of the Circuit Court for Prince George's County, alleging that she was fired from a job as a Bus Operator with RTA for discriminatory and retaliatory reasons. Sewell includes Judge Davey in her Complaint (ECF No. 1) because he was the state court judge who issued an order requiring her to pay child support through the Maryland Child Support Enforcement Agency which was then forwarded to the RTA for garnishment. On June 1, 2017, the Court dismissed the claim against Judge Davey as barred by the doctrine of judicial immunity. ECF No. 3. On July 10, 2017, Pritchard filed a Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for Summary Judgment. ECF No. 9. In his Motion, Prichard also asks for an injunction, pursuant to 28 U.S.C. § 1651(a)(2000), restricting Sewell from filing vexatious submissions or additional lawsuits in any way relating to the matters addressed in her Complaint.

### I. FACTS AND PROCEDURAL HISTORY

Sewell began her at-will employment with the RTA as a bus driver on January 22, 2017. On or about February 13, 2017, RTA received an order from the Prince George's County Office

1

of Child Support directing RTA to withhold certain amounts from Sewell's pay to cover current and past due child support. Complaint at 2, ECF No. 1. Sewell also received a copy of the Order and, on the evening of February 13, 2017, she sent an email to RTA's Chief Financial Officer Suzanne Brown, RTA Operations Administrator Cindy Gibson and Judge Davey. *Id.*; Exhibit A, ECF No. 8-2. She indicated that the subject of the email was "Unlawful Wage Garnishment Attempt- Civil Rights Complaint of Discrimination Will Be Filed if Enforced." Exhibit A, ECF No. 8-2.

In the text of Sewell's email, she accused Judge Davey, who had presided over a domestic relations matter involving custody of her children, of violating the rights of a "United States Treasury Whistle-blower" and of engaging in human trafficking. *Id*. She also accused Judge Davey and two social workers, whom she personally named in the email, of slandering her. *Id*. She further accused the Child Support Enforcement Division of the "Department of Human Resources" of conspiring with the Maryland Mortgage Task Force to engage in racketeering. *Id*. Finally, she asked the attorney copied on the email to add her to a lawsuit against the Washington Metropolitan Area Transit Authority ("WMATA"), alleging that Judge Davey served on its Board of Directors. *Id*. Sewell attached documents to the email which included, among other things, an order issued by the United States District Court for the District of Maryland on September 17, 2012, remanding a domestic relations case to state court. *Id*.

The following morning Sewell was notified that she was being placed on unpaid administrative leave pending the RTA's review of her email. Exhibit 2A, ECF No. 1-3. On February 17, Mark Pritchard, RTA's General Manager, sent Sewell a letter notifying her of RTA's decision to terminate her employment. Exhibit 5, ECF No. 1-9. The letter set forth RTA's conclusions that Sewell had violated two provisions of the Employee Handbook, Section 11.1

that states that "threats, harassment, [and] intimidation" are prohibited, and Section 11.2 prohibiting discourteous or inappropriate behavior towards other employees. *Id.*

On February 15, 2017, prior to her termination, Sewell had filed a Charge of Discrimination with the EEOC, alleging discrimination on the basis of race, color, sex and retaliation. Exhibit 4, ECF No. 1-8. Eight days later, on February 23, 2017, RTA received notice of the EEOC Charge. ECF No. 8-1 at 8. The proceeding was administratively closed by the EEOC on February 27, 2017. *Id.*

On February 27, 2017, Sewell filed yet another Charge of Discrimination with the Howard County Office of Human Relations (the "HCOHR Charge"), which was co-filed with the Baltimore office of the EEOC. In the HCOHR Charge, Sewell alleged that she was terminated in retaliation for filing the District of Columbia Charge of Discrimination. Sewell has not indicated whether she received a Notice of Right to Sue from the EEOC as to this second Charge.

On May 24, 2017, Sewell filed the present Complaint against Pritchard and Davey. Although her Complaint is difficult to decipher, she appears to allege that she was terminated in retaliation for her February 13, 2017 email and her February 15, 2017 EEOC filing. On June 1, 2017, this Court issued an Order dismissing the claim against Davey as barred by the doctrine of judicial immunity. Sewell then filed a "Motion to Stay Barring of Claims Against Judge Davey" (ECF No. 4), which the Court interpreted as a Motion to Reconsider its June 1, 2017 Order dismissing Davey from the case. The Court denied that Motion on June 7. On June 8, 2017, Sewell filed a Rule 62(b)(3) Motion To Stay of Proceeding to Enforce a Judgment of Court, which the Court interprets as a second Motion to Reconsider its June 1, 2017 Order. ECF No. 7.

On July 7, 2017, Prichard filed a Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment. ECF No. 9. Sewell responded with a Motion for Default Judgment of Plaintiff's Rule 62(b) Motion to Stay, which the Court interprets as a Response in Opposition to the Motion to Dismiss. ECF No. 10.

## II. STANDARDS OF LAW

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he or she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). But this standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an

4

untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Accordingly, although the facts alleged in a pro se plaintiff's complaint must ordinarily be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

### III. ANALYSIS

**A. Prichard's Motion to Dismiss**

There are three bases on which Pritchard is entitled to dismissal of Sewell's Complaint. First, employees, including supervisors, are not liable in their individual capacities for Title VII violations. *Lissau v. Southern Food Service, Inc.,* 159 F.3d 177, 181 (4th Cir. 1998).

Second, plaintiffs alleging discrimination or retaliation may only file a lawsuit after the EEOC issues a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(f)(1). To the extent that Sewell's allegations are premised upon retaliation for filing the February 15, 2017 pre-termination EEOC Charge, she has not demonstrated that the EEOC issued her a Notice of Right to Sue.

Finally, in order to survive a 12(b)(6) motion, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (quotation marks omitted). She has not done so.

To establish a prima facie case of retaliatory discharge under Title VII, a plaintiff must offer evidence from which a reasonable trier of fact could find that: (1) she engaged in a

protected activity; (2) her employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce a legitimate, non-retaliatory reason for the adverse action. Once the defendant articulates such a reason, the burden shifts to the plaintiff to show the proffered reason is a pretext for retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

Sewell has failed to establish a prima facie case of either discrimination or retaliatory discharge. To the extent that she alleges she was terminated in retaliation for her February 13, 2017 email, no reasonable trier of fact could find that this email was a protected activity, since it consisted of no more than threats to file a complaint of discrimination if Human Resources employees complied with a patently valid child support order from a state court. Sewell has provided no basis on which it could reasonably be concluded that the child support order, or RTA's compliance with that order, was motivated by discrimination or retaliation. Nor, in any case, would this federal Court be authorized to look beyond the face of the state court order, a matter which would be within the exclusive purview of a state appellate court.

Additionally, Sewell alleges that she was discharged on February 17, 2017 in response to her February 15, 2017 EEOC Charge of Discrimination, but the indisputable evidence is that Pritchard did not receive notice of that Charge until February 23, five days <u>after</u> Sewell was terminated. Sewell has alleged no facts to suggest that Prichard or RTA received notice of the EEOC Charge prior to Sewell's termination, or even before February 23, nor, in any case, that Pritchard—following Sewell's repetitive and vexatious filings—had anything other than a legitimate, non-discriminatory basis for terminating her, which was and is in no conceivable way

a pretext for discrimination or retaliation. As such, Sewell has failed to show that Prichard or anyone else at the RTA terminated her employment discriminatorily or in retaliation for the EEOC Charge.

### B. Pritchard's Motion for Injunctive Relief

In addition to dismissal of the Complaint, Pritchard asks the Court for an injunction, pursuant to 28 U.S.C. § 1651(a)(2000), restricting Sewell from filing vexatious submissions or additional lawsuits for the matters addressed in this Complaint.

The All Writs Act, 28 U.S.C. § 1651(a)(2000), grants federal courts the authority to limit vexatious and repetitive litigants access to the courts. *See Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004), *Sewell v. Strayer Univ.,* PWG-16-cv-159 (D. Md. Jan. 5, 2017). A pre-filing injunction is "[o]ne means of limiting access . . . based on a litigant's demonstrated vexatious or repetitive filing of meritless motions and other requests for relief." *Sewell*, at 15. A pre-filing injunction is appropriate where, as here, "there exist exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 15-16 (citation and quotation omitted).

*Cronter* lists four factors for a court to consider when deciding whether to issue a pre-filing injunction: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Cromer* at 817.

Like the plaintiff in *Jarvis,* Sewell has a clear history of filing vexatious litigation, to wit, she has brought over seventeen meritless lawsuits in Maryland and Missouri. This includes an

extensive practice of filing numerous post-dismissal motions and requests for relief within those cases, as was noted by Judge Chasanow in *Sewell v. Fid. Nat'l Fin., Inc.,* DKC-16-cv-906 (D. Md. April 18, 2016). Sewell has not stopped there. She has filed appeals to the Fourth Circuit and the Supreme Court, and has sued Judges in Maryland Circuit Court, the District Court of Maryland and the U.S. Court of Appeals for the 4th Circuit. She has been warned previously by federal judges about her conduct and has had pre-filing injunctions issued against her.

Sewell's "repeated filing of unmeritorious post-dismissal motions and related requests for relief constitutes vexatious filings before this Court and therefore there was good cause for the imposition of a pre-filing injunction." *Sewell,* PWG-16-cv-159 at 16-17. Her litigation history has not abated in the least. As the court noted in *Sewell v. Strayer Univ.*, of the no less than seventeen cases she has filed since 2012, at least two resulted in the imposition of sanctions against her. *Id.* at 17. The Court finds that Sewell's filings have not been founded on good faith and have placed an undue burden on the courts and the defendants she has named (some more than once). Accordingly, the Court will **GRANT** Prichard's request for a pre-filing injunction.

## IV. CONCLUSION

For the foregoing reasons, Prichard's Motion to Dismiss (ECF No. 9) is **GRANTED WITH PREJUDICE**. Sewell's Rule 62(b)(3) Motion To Stay of Proceeding to Enforce a Judgment of Court (ECF No. 7) is **DENIED**, and Sewell's Motion for Default Judgment on Plaintiff's Rule 62(b) Motion to Stay of Proceeding to Enforce a Judgment of Court (ECF No. 10) is **DENIED**.

Further, SEWELL is **ENJOINED** from filing further suits or pleadings against Defendants Pritchard, Davey, or any employee of the RTA without prior approval of this or any other member of this Bench.

A separate Order will issue.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**December 22, 2017**